IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TONTRENCE COLISTA BRAXTON,**

    Plaintiff,

vs.                                      Case No. 4:05cv273-WS/WCS

**OFFICER MURPHY,**
**OFFICER E. JACOB,**

    Defendants.

_____/

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff's motion requesting leave to proceed *in forma pauperis* (IFP), doc. 2, has been granted in a separate order entered this day.

Plaintiff's complaint alleges that she was arrested on or about November 4, 2004, for violating a trespass warning previously issued by an FSU police officer. Doc. 1. The prior warning was apparently issued on November 30, 2003, after Plaintiff had been arrested on other charges. *Id.* Plaintiff contends that she was exonerated of the charges and should not have had her freedom restricted by the Defendants, both of whom are FSU police officers. *Id.* Although it is not entirely clear from Plaintiff's

complaint, Plaintiff appears to be challenging both the issuance of the trespass warning and her subsequent arrest.

If Plaintiff is challenging the issuance of the trespass warning, Plaintiff must explain further the circumstances of her being given the warning. Plaintiff should explain how the warning was issued to her, what preceded the issuance, and why Plaintiff believes it violates her constitutional rights to be issued a trespass warning.

To the degree Plaintiff challenges her arrest from the FSU law library on November 4, 2004, Plaintiff should explain whether or not at the time of her arrest she was aware that she had been previously given a trespass warning. Plaintiff should explain more clearly how the "charge of trespassing in a occupied structure or conveyance was dismissed by the judge . . . ." In other words, Plaintiff must explain whether there was a plea bargain where the State agreed to "Nol Pros" the charges based on Plaintiff's agreement to do something or refrain from taking some action.

Plaintiff also complains that Defendant Jacob "perjured the arrest affidavit." Doc. 1. Plaintiff should clarify this allegation and explain what was false in the affidavit.

Prior to submitting an amended complaint, Plaintiff should be aware that a viable claim of false arrest is dependent upon a showing that the arrest was made without probable cause. Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir. 1998). If Plaintiff was previously issued a trespass warning, then her subsequent arrest would be based on probable cause. Plaintiff should also be aware that there is no constitutional right to be present on another's property. A property owner generally has the right to exclude persons from their property.

In amending, Plaintiff should carefully review the foregoing to determine whether she can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, she must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed her, Plaintiff should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and they are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for herself. Plaintiff need not file service copies until instructed to do so by the Court. Alternatively, Plaintiff may choose to voluntarily dismiss this case by filing a notice of dismiss pursuant to Fed. R. Civ. P. 41(a).

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form along with one additional copy of the complaint, if available, so that Plaintiff can file the amended complaint in its entirety.

2. Plaintiff shall have until **September 9, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

4. The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or no later than September 9, 2005.

**DONE AND ORDERED** on August 10, 2005.

                s/   William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**