IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TONTRENCE COLISTA BRAXTON,**

    Plaintiff,

vs.                                      Case No. 4:05cv273-WS/WCS

**OFFICER MURPHY,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Before the Court is *pro se* Plaintiff Braxton's amended civil rights complaint, doc. 7, filed under 42 U.S.C. § 1983 against Defendant Murphy, a Florida State University police officer. Plaintiff has filed the amended complaint as instructed by an amendatory order, doc. 6, which pointed out various deficiencies and requested further information.

    Plaintiff was given a trespass warning and was subsequently arrested on about November 4, 2004, for violating the trespass warning. Doc. 7. Plaintiff was arrested by an FSU police officer after the officer "performed a back ground check of the plaintiff," and confirmed the trespass warning. *Id.* Plaintiff indicates a "no information" was filed and the charge "for trespassing after warning" was dropped. *Id.*

Plaintiff was previously advised that if she were "challenging the issuance of the trespass warning, Plaintiff must explain further the circumstances of her being given the warning." Doc. 6. Plaintiff was directed to "explain how the warning was issued to her, what preceded the issuance, and why Plaintiff believes it violates her constitutional rights to be issued a trespass warning." *Id.* While Plaintiff's explanation in the amended complaint is not entirely clear, it appears that Plaintiff contends she was given the trespass warning after being previously charged with a crime. The charges were apparently dismissed, and upon that basis, Plaintiff appears to contend that the trespass warning was illegitimate and must be retaliatory.

Even if Plaintiff previously was charged with a crime and exonerated, a property owner is entitled to exclude Plaintiff from the owner's property. Property ownership carries with it the right to exclude persons from that property. Florida law provides that failing or refusing to depart the premises after being warned or directed to depart by an authorized person is committing the offense of trespass in a structure or conveyance. FLA. STAT. § 810.08(1). An "authorized person" includes a "law enforcement officer whose department has received written authorization from the owner or lessee, or his or her agent, to communicate an order to depart the property . . . ." FLA. STAT. § 810.08(3).

Plaintiff does not deny that she was previously given a trespass warning by an FSU police officer. Indeed, it is possible from Plaintiff's allegations that the warning was issued by the Defendant. There is no evidence that Plaintiff ever challenged the trespass warning or that it was terminated prior to Plaintiff's November 4, 2004, arrest. Plaintiff does not deny that she was present on campus and was at the FSU law library

on November 4, 2004.  Doc. 7.  Her presence on University property after being given a trespass warning that was still legally valid provided probable cause to arrest Plaintiff.

Plaintiff cannot bring a viable claim based on these facts absent a showing that her arrest was made without probable cause.  See Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir. 1998) (granting qualified immunity on Fourth Amendment false arrest claim and supplemental state law claim for malicious prosecution).[1]  Plaintiff has the burden of demonstrating the absence of probable cause to succeed in this § 1983 case, Evans v. Hightower, 117 F.3d 1318, 1320 (11th Cir. 1997) (granting qualified immunity on Fourth Amendment unreasonable seizure and false arrest claim), and her amended complaint has provided a clear factual basis for concluding that this case cannot succeed.  By Plaintiff's own admission, she had previously received a trespass warning.  Accordingly, Plaintiff's mere presence on the premises was sufficient to give Defendant probable cause to arrest Plaintiff.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on September 13, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

---

[1] An arrest, if made without probable cause or a warrant, violates the Fourth Amendment.  Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir. 1998), *citing* Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990).  Thus, where probable cause exists, there is no constitutional violation.

Case No. 4:05cv273-WS/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**